# ROSENBERG CALICA & BIRNEY LLP

ATTORNEYS AND COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 408
GARDEN CITY, NEW YORK 11530
TELEPHONE (516) 747-7400
FACSIMILE (516) 747-7480
WWW.RCBLAW.COM

RONALD J. ROSENBERG\*
ROBERT M. CALICA
WILLIAM J. BIRNEY
EDWARD M. ROSS^
LESLEY A. REARDON
KENNETH E. ANESER°
JOHN S. CIULLA

JUDAH SERFATY
PETER J. WILLIAMS⁺
DIANA G. ATTNER
JOSHUA M. LIEBMAN‡
JENNIFER L. FERRARO‡

KENNETH J. WEINSTEIN
RICHARD A. ROSS
OF COUNSEL

\*ALSO ADMITTED FL
^ALSO ADMITTED CT
°ALSO ADMITTED CT, NJ, DC
⁺ALSO ADMITTED MD
‡ALSO ADMITTED NJ

October 31, 2017

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Rapid Anesthesia Solutions, P.C. and Charles Starke, M.D. v. John H. Hajjar, Sovereign Health System, Monarch Anesthesia, Inc., a/k/a Monarch Anesthesia of Jersey City, LLC
> United States District Court for the Eastern District of New York
> cv-17-4705 (KAM)

Dear Judge Matsumoto:

    We are the attorneys for the defendants in connection with the above-referenced action and respectfully submit this letter in accordance with Section IV(B)(1) of the Court's Chambers Practices to request a pre-motion conference for defendants' motion to dismiss the complaint in this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) as the court lacks personal jurisdiction over the defendants and as the complaint in this action fails to state a claim upon which relief can be granted.

    At the outset, the Court lacks jurisdiction over the defendants since the services allegedly performed by the plaintiffs and the agreement sued upon were performed entirely outside of New York State and the defendants are New Jersey companies and residents who do not reside or do business in New York. As such, in this action, based on purported diversity between the parties, the requirements of New York's long-arm statute (CPLR 302(a)), have not been met and this action should be dismissed pursuant to FRCP 12(b)(2). Lebron v Encarnacion, WL 2352856 (E.D.N.Y. 2017).

    The complaint also fails to state a claim upon which relief can be granted and thus should be dismissed pursuant to FRCP 12 (b)(6). The purported agreement upon which the complaint is based and which is attached to the complaint filed in this matter (the "Agreement"), states that it is solely between Monarch Anesthesia, Inc. ("Monarch") and the plaintiff, Rapid Anesthesia Solutions, P.C. ("Rapid") and no other parties. Thus, the addition and inclusion of Charles

{00253630-1}

ROSENBERG CALICA & BIRNEY LLP

Hon. Kiyo A. Matsumoto<br>
October 31, 2017<br>
Page 2

Starke, M.D. as a plaintiff and naming John H. Hajjar, Sovereign Health System, and Monarch Anesthesia of Jersey City, LLC, as defendants in this action who were not parties to the purported Agreement are palpably improper and without any reasonable basis in law or fact. Furthermore, the Agreement was duly terminated as of November 30, 2015, pursuant to its terms by Rapid's letter sent by plaintiffs' counsel in this action on behalf of Rapid on August 21, 2015. Plaintiffs' counsel subsequently confirmed in an email that the term of the Agreement ended on November 30, 2015. Thus, there is no legitimate legal or factual basis for Rapid to claim that there are any fees due arising from Monarch's receipt of monies for services rendered after November 30, 2015 as Rapid indisputably terminated the purported Agreement as of November 30, 2015 and did not provide any services after November 30, 2015.

The complaint filed in this action purports to allege four separate claims for relief. The first appears to seek an accounting but does not claim the existence of any fiduciary duty owed by individual defendant Hajjar to the plaintiffs but instead alleges in paragraph 18 of the complaint that, "[b]y reason of his status as a member and his assumed role as *defacto* managing member of Monarch, Defendant, DR. HAJJAR, owed Monarch a fiduciary duty." Thus, the complaint does not even allege, as legally required, that there was a fiduciary duty owed by a defendant to either plaintiff that was breached by the said defendant, but instead only alleges that the defendant Hajjar breached his fiduciary duty to defendant Monarch. It is well settled that the entitlement to an accounting must stem from the breach of an existing fiduciary duty between the plaintiff and the defendant. Sriraman v. Patel, 761 F.Supp 2d 7 (E.D.N.Y. 2011). Here, the complaint does not allege that and thus fails to state a valid claim for an accounting as a matter of law.[1] Thus, the first claim is without any basis in law or fact and should be dismissed.

The second claim asserts that *all* of the defendants have breached their obligations under the Agreement notwithstanding that the alleged Agreement attached to the complaint was only between plaintiff Rapid and defendant Monarch. There are no sums due Rapid under any such Agreement, as Rapid was mistakenly overpaid and if the complaint is not dismissed, then a counterclaim will be filed against Rapid for the return of monies mistakenly overpaid to it. Furthermore, there are no facts asserted in the complaint which support any valid legal basis to assert claims against any of the other defendants.

The third claim fails to state a valid claim for damages purportedly for conversion as it is based upon defendants withdrawing funds from defendants' own bank accounts. For example the complaint frivolously asserts that the "**Defendants,** without any authorization to do so, withdrew funds from the **Defendants'** bank accounts in a cumulative amount presently unknown but estimated to exceed the sum of ONE MILLION ($1,000,000.00) DOLLARS and converted said funds for their personal use." (emphasis added). As a matter of law, alleging that defendants removed funds from the defendants' own accounts does not state a valid claim for conversion. Under controlling New York law, in order to establish a valid claim for conversion the plaintiff

---

[1] Furthermore, the Agreement attached to the complaint is between Monarch and Rapid and was in the nature of an independent contractor agreement for services which created no such fiduciary relationship or duties as a matter of settled law. MacCartney v. O'Dell, 2016 WL 815279 (E.D.N.Y. 2016).

{00253630-1}

ROSENBERG CALICA & BIRNEY LLP

Hon. Kiyo A. Matsumoto<br>
October 31, 2017<br>
Page 3

is required to plead and prove that the plaintiff had ownership, possession or control over property and that the defendant exercised unauthorized dominion over that property to the exclusion of the plaintiff. R.B. Development, Co., Ltd. v. Tutis Capital LLC, 2015 WL 10567830 (E.D.N.Y. 2015). Even if Rapid intended to plead a claim that certain profits of Monarch for periods prior to the date it voluntarily terminated the alleged Agreement were deposited into Monarch's bank accounts and that Rapid was not paid a percentage thereof as required under the Agreement, again, any such claim would be strictly limited to a claim by Rapid against Monarch for breach of contract and would not give rise to a claim based on conversion. As such, and as a matter of law, no valid claim for conversion is asserted in the complaint and this claim is factually and legally without any basis.

Finally, the fourth claim alleging damages for unjust enrichment is also based on the legally irrelevant and frivolous claim that the defendants withdrew funds from their own bank accounts and were, as a result thereof, unjustly enriched. This does not state a valid factual or legal basis for unjust enrichment as a matter of law. Indeed, the complaint explicitly alleges that the "unjust enrichment" claim and damages arise from a violation of an agreement between the plaintiff Rapid and defendant Monarch. The complaint at paragraph 34 expressly alleges that the unjust enrichment damages were incurred "[a]s a result of the aforesaid conduct in violation of the provisions of the Operating Agreement…" Consequently, as there was an alleged Agreement between Monarch and Rapid covering the same unjust enrichment claim made by plaintiffs, no claim for unjust enrichment is available since it simply duplicates the contractual claim and relates to the same subject matter thereby precluding a claim for unjust enrichment as a matter of law. Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790, 944 N.Y.S. 732, 740 (2012); Cooper, Bamundo, Hecht & Longworth, LLP v. Kuczinski, 14 A.D.3d 644, 645, 789 N.Y.S.2d 508, 510 (2d Dep't 2005).

By reason of the foregoing, defendants respectfully request permission of the Court to serve and file a motion to dismiss the complaint and propose a briefing schedule granting defendants until November 30, 2017 to serve and file the motion, granting plaintiffs until December 22, 2017 to file their opposition and providing for a submission date of the defendants' reply papers and the motion for January 15, 2018. The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

ROSENBERG CALICA & BIRNEY LLP

Ronald J. Rosenberg

cc: *(via ECF and Federal Express Priority Delivery)*
Broderick and Broderick
Attn: Patrick F. Broderick Esq.

{00253630-1}