```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

RAPID ANESTHESIA SOLUTIONS, P.C. and
CHARLES STARKE, M.D.,

                    Plaintiffs,
                                              ORDER ADOPTING REPORT
                                              AND RECOMMENDATION

          -against-                           17-CV-4705 (KAM)(LB)


JOHN H. HAJJAR, SOVEREIGN HEALTH
SYSTEM, and MONARCH ANESTHESIA, INC.,
also known as Monarch Anesthesia of
Jersey City, LLC,

                    Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On August 10, 2017, plaintiffs Dr. Charles Starke and Rapid Anesthesia Solutions, P.C., initiated this action against defendants Dr. John Hajjar, Sovereign Health System, and Monarch Anesthesia, Inc., regarding payments allegedly owed for anesthesiological services and the sale of a medical services contract. (ECF No. 1, Complaint.) The plaintiffs later filed an amended complaint on January 19, 2018, bringing actions for: (1) declaratory judgment; (2) breach of contract; (3) breach of covenant of good faith; (4) conversion; and (5) unjust enrichment. (ECF No. 12, Amended Complaint ("Am. Compl.").) The defendants subsequently moved to dismiss, and the plaintiffs opposed their motion. (*See generally* ECF Nos. 14-17.) The

1

court referred the motion to dismiss to the Honorable Lois Bloom, United States Magistrate Judge, on October 12, 2018.

Presently before the court is a report and recommendation issued on December 19, 2018 by Judge Bloom, recommending that the court forgo adjudicating the pending motion to dismiss, and instead dismiss this action for lack of subject matter jurisdiction due to plaintiffs' failure to adequately plead citizenship. (ECF No. 19, Report and Recommendation ("R&R")). Plaintiffs timely objected to Judge Bloom's R&R. (ECF No. 20, Plaintiffs' Written Objections to Report and Recommendations ("R&R Objections")). For the reasons set forth below, the court adopts Judge Bloom's R&R with a minor modification and orders that within thirty days of entry of this Order, plaintiffs provide affidavits or sworn declarations from individuals with knowledge establishing the existence of diversity jurisdiction.

**LEGAL STANDARD**

**I. Review of R&R**

A district court may refer a dispositive motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation, "any party may serve and file written objections." *Id.; accord* Fed. R. Civ. P. 72(b) ("[A] party may serve and file *specific* written objections to the proposed

2

findings and recommendations.") (emphasis added).  The district court shall then review the portions of the report and recommendation to which a party has timely objected under a *de novo* review standard, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."  *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under  . . . Fed. R. Civ. P. 72(b) . . . .").  The court also may adopt "those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."  *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018).

## II. Subject Matter Jurisdiction

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa*

3

*P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). By statute, district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he party invoking federal jurisdiction . . . must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if . . . the court *sua sponte* raises the question[.]" *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (citations omitted).

**DISCUSSION**

Judge Bloom recommended that the court dismiss this action for lack of subject matter jurisdiction and forgo adjudicating the motion to dismiss. (ECF No. 19 at 9, R&R.) The R&R concluded that the plaintiffs failed to meet the diversity requirement because the plaintiffs did not establish the citizenship of the defendants or identify all entities whose citizenship was at issue. (*Id.* at 5-6, 8.) Plaintiffs disagree with this conclusion, referring to several statements in their past filings as information sufficient to establish diversity

and subject matter jurisdiction. (ECF No. 20, R&R Objections.) Because plaintiffs' objections are general,[1] refer to past filings, or repeat facts from those filings, the court need only review the report and recommendation for clear error, but also reviews the R&R *de novo*. Having reviewed the R&R, the court finds no clear error, and further finds on *de novo* review that the court lacks subject matter jurisdiction. Judge Bloom's report and recommendation is adopted in its entirety. The court addresses the plaintiffs' objections below solely for the sake of clarity.

I. **Plaintiffs' Objections**

A. Citizenship of the Parties

Plaintiffs raise only a few objections regarding citizenship. They claim that the amended complaint "states more than the bare statement of residency." (ECF No. 20 at 3, R&R Objections.) The R&R Objections do not specifically identify any statements regarding the citizenship of the individual parties in the complaint, but state that "paragraph 4, 5 and 6 spell out the diversity of the [corporate] parties." (*Id.*) Finally, the Objection also cite a letter the plaintiffs previously filed in support of their case. (ECF No. 20 at 4,

---

[1] There is one objection that appears to refer specifically to the R&R. *See* RR Objections at 3 ("The Complaint further states more than the bare statement of residency Report. Pages 5-6."). However, the text following that statement refers only to information that Judge Bloom already considered.

5

R&R Objections.)  That letter states that the court "has jurisdiction over this case because of the diversity of the residence of the Plaintiffs, not Defendants . . . ."  (ECF No. 10, Pre-motion Conference Response Letter ("PMC letter").)

Plaintiffs fail to establish the citizenship of either plaintiff Dr. Starke or defendant Dr. Hajjar.  "[I]t is well-established that allegations of residency alone cannot establish citizenship."  *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  Statements regarding residency are "relevant only to the extent [they] assist[] in establishing domicile." *Chigirinskiy v. Panchenkova*, 252 F. Supp. 3d 379, 381 (S.D.N.Y. 2017).  As the Report and Recommendation correctly states, the amended complaint refers only to the residency of Dr. Starke and Dr. Hajjar.  (ECF No. 19 at 5-6, R&R.)  Notably, the Objections themselves also refer only to residency, rather than domicile[2] or citizenship.  (ECF No. 20 at 3, R&R Objections ("Dr. Starke, a resident of New York . . .").)

---

[2] "Domicile" is mentioned once in the R&R Objections in a footnote.  (ECF No. 20 at 3.)  However, it is mentioned in an example of how another court proceeded in an action with unestablished subject matter jurisdiction. Plaintiffs have not actually established the domicile of any parties, as the court ordered in plaintiff's cited example case.

6

Plaintiffs' PMC letter fails to help save their case for two reasons. The first is that, as with the plaintiffs' other filings, the letter merely refers to residence, rather than domicile or citizenship. (ECF. No. 10 at 1, PMC letter.) The second is that the letter incorrectly states the law, suggesting that diversity between the plaintiffs is key. (*See id.*) But diversity jurisdiction requires "complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).

Plaintiffs also fail to establish the citizenship of the corporate parties. Plaintiffs do not state the state(s) of incorporation, headquarters, or the principal place of business for any of the corporate entities, instead referring to the states where entities are "licensed" or "authorized" to conduct business. (*See* ECF No. 12 ¶¶ 1-3, Am. Compl.) The R&R also notes an additional problem regarding defendant Monarch. (*See* ECF No. 19 at 7-8, R&R.) Plaintiffs refer to Monarch as an LLC with multiple members, but do not identify those members or the citizenship of those members. Defendant Dr. Hajjar stated in his declaration that he is, and at all relevant times has been, the sole shareholder of Monarch. (*See* ECF No. 14-1 ¶ 6, Declaration of John Hajjar.) Although the plaintiff bears the burden of establishing that subject matter jurisdiction exists,

7

the court may refer to evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). But because plaintiffs have not established Dr. Hajjar's citizenship, the court still cannot determine Monarch's citizenship. Absent the information described above, the plaintiffs cannot establish that there is diversity between plaintiffs and defendants.

Furthermore, if one of the defendants is a joint venture, the plaintiffs must also establish the joint venture's citizenship. Plaintiffs allege that the ambulatory center "was intended to be a joint venture" and that plaintiff Dr. Starke "received shares of stock in the ambulatory center." (ECF No. 12 ¶ 5, Am. Compl.) It is unclear from the complaint whether one of the named defendants is a joint venture. Plaintiffs suggest that they are entitled to "their proper share of profit . . . from Monarch." (*Id.*) However, the plaintiffs also state that Monarch was created after the establishment of the (intended) joint venture ambulatory center. (*Id.*) If the plaintiffs are alleging that Monarch is a joint venture (or seek to add the ambulatory center or another entity as a new defendant), they should have identified each member of the joint venture and each member's citizenship. "For diversity purposes, the citizenship of a joint venture is the citizenship of each of

8

its members." *Schiavone Const. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996)(citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)).

The plaintiffs should also be aware that a claim to be a member of an LLC or joint venture with a defendant may destroy diversity. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 84 (2d Cir. 1990) (interpreting *Carden v. Arkoma Associates* to mean that the citizenship of limited partners suing their partnership would destroy diversity because their citizenship would be attributed to the partnership); *Keith v. Black Diamond Advisors, Inc.*, 48 F. Supp. 2d 326, 330 (S.D.N.Y. 1999) ("Because Pace is a New York LLC and not a New York corporation, jurisdiction is determined by the citizenship of each of Pace's individual members. Plaintiff Keith is a member of Pace. As a result, complete diversity is lacking."); *Schibuk v. Poinciana-Regency Ltd. P'ship*, 764 F. Supp. 878, 881 (S.D.N.Y. 1991) ("[T]here can be no diversity of citizenship in a suit by a limited partner against the limited partnership—regardless of the citizenship of other limited partners—since plaintiff's citizenship would be present on both sides of the case.").

B. <u>Personal Jurisdiction</u>

Plaintiffs' claims in their Objections (and other filings) regarding the relationships among the parties and the

9

work performed by them are irrelevant to the subject matter jurisdiction analysis. Plaintiffs argue that "paragraphs 4 and 5 of the Complaint . . . set[] forth the conduct giving rise to the activities of the Plaintiffs and Defendants in New York and New Jersey." (ECF No. 20 at 3, R&R Objections.) Paragraph 4 of the complaint explains that defendant Dr. Hajjar, purported CEO of defendant Sovereign Health Systems, traveled to New York from New Jersey and recruited plaintiff Dr. Starke to perform medical services at Surgicare of Jersey City, New Jersey. (ECF No. 12 ¶ 4, Am. Compl.) This was part of a plan to charge higher fees in New Jersey than were allowable in New York. (*Id.*) The complaint further describes the relationship between the parties, including organizational structure, entitlement to payments, and the establishment of Monarch as the billing entity. (*Id.* ¶ 5.) The Objections summarize these paragraphs and conclude that there is "no question that Dr. Starke . . . came from New York to New Jersey to the SurgiCare Center and performed services for Monarch Anesthesia." (ECF No. 20 at 3, R&R Objections.) The Objections also note that the operating agreement between Monarch and RAS "reflects that SurgiCare along with Monarch was functioning in Jersey City, New Jersey . . . ." (ECF No. 20 at 3, R&R Objections.) Finally, the Objections state that the plaintiffs have already filed a letter "defining the basis of the parties['] non-violation of due process." (ECF

10

No. 20 at 4, R&R Objections.)  That PMC letter describes the conduct of the parties from the formation of the relationship through the date of filing of the letter.  (ECF No. 10, PMC letter.)  It also discusses Dr. Hajjar and Monarch's business and legal activities in the state of New York.  (*Id.*)

The plaintiffs' arguments above address *personal* jurisdiction, rather than subject matter jurisdiction.  "[D]ue process requires a plaintiff to allege (1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances."  *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotations omitted).  Even absent plaintiffs' reference to "due process" in their Objections, it appears that the facts highlighted by the plaintiffs in the PMC letter and Objections are alleged to demonstrate minimum contacts.  Moreover, the plaintiffs' PMC letter itself also demonstrates that these facts are alleged to establish personal jurisdiction.  The letter refers to defendants' "continued presence in the State of New York."  (ECF No. 10 at 1, PMC letter; *see also id.* at 3 ("[Defendants'] affiliations in the New York area are 'continuance' [sic] and 'systematic' to render them 'at home' in New York.") (collecting cases).)

C. Disposition of this Case

The plaintiffs argue that the court "should accept jurisdiction" and that the defendants have not raised a subject matter jurisdiction argument because it is "self evident to the parties that there is diversity of the jurisdiction[.]" (ECF No. 20 at 4, R&R Objections.) Jurisdiction is not something the court will merely accept or reject. "[W]here [jurisdiction] does not . . . exist, neither the litigants nor the court itself can confer it." *City of New York v. Exxon Corp.*, 697 F. Supp. 677, 687 (S.D.N.Y. 1988). It also does not matter whether the defendants have raised the issue or whether the parties believe the existence of diversity and subject matter jurisdiction are self-evident. "It is common ground that . . . the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h)).

In addition to their argument that the court should accept jurisdiction, the plaintiffs also suggest that this case should not be dismissed outright. (ECF No. 20 at 3.) In a footnote, plaintiffs refer to a case cited in the R&R (*Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53 (S.D.N.Y. 2004)) in which a court ordered the parties to file affidavits identifying

12

facts sufficient to demonstrate diversity of citizenship, rather than dismissing the case. (ECF No. 20 at 3 (citing ECF No. 19 at 4, R&R).) The R&R itself contemplates allowing plaintiffs time to establish diversity of citizenship. (R&R at 9, n.5 ("Should Plaintiffs be able to cure the deficiencies of the Amended Complaint to establish diversity of citizenship, the Court should consider granting Plaintiffs fourteen (14) days from the date of adoption of this Report and Recommendation to do so.").)

Allowing the plaintiffs time to address the jurisdictional problem is appropriate. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Courts "'generally afford an opportunity for amendment' of the pleadings to cure defective jurisdictional allegations unless the record clearly indicates that the complaint could not be saved by any truthful amendment[.]'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009) (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). These amendments are "freely permitted where necessary to avoid dismissal on purely technical grounds." *Canedy*, 126 F.3d at 103. Supplemental affidavits regarding domicile or states of incorporation can establish citizenship and satisfactorily resolve jurisdictional issues. *See id.*

## CONCLUSION

For the foregoing reasons, and upon both clear error and *de novo* review, the court adopts Judge Bloom's Report and Recommendation, with one modification. Although the court will not adjudicate defendants' motion to dismiss, the court will allow the plaintiffs 30 days from entry of this Order, and adoption of the R&R, to file an affidavit addressing the jurisdictional deficiencies raised in the Report and Recommendation and this Order. If the plaintiffs fail to file an affidavit within thirty days, or if the affidavit does not sufficiently establish diversity of citizenship, the court will dismiss this action for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated:   January 18, 2018
         Brooklyn, New York

/s/
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

14